[No. 754-2.    Division Two.    May 17, 1973.]

FLOYD E. PRYOR, *Appellant,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent.*

*J. M. Witteman* (of *Boettcher, LaLonde, Kleweno, Lodge, Ladley & Witteman*), for appellant.

*Slade Gorton, Attorney General,* and *R. Timothy Oliver, Assistant,* for respondent.

ARMSTRONG, J.—Floyd E. Pryor appeals from a judgment entered in Clark County Superior Court sustaining an

order of the respondent department revoking his driver's license for 6 months.

This appeal raises a single issue: Does the implied consent law, RCW 46.20.308, together with RCW 46.20.311, require that a person be specifically advised that his refusal to take the breathalyzer test will result in the revocation or denial of his privilege to drive *for 6 months*. We hold that it does not.

On August 31, 1969 Pryor was arrested for driving while under the influence of intoxicating liquor. The arresting officer requested that he submit to a chemical analysis of his breath. The officer then advised Pryor of his right to refuse to take the test, of his right to have additional tests administered by any qualified person of his choosing and that the consequence of his refusal would be the revocation or denial of his privilege to drive. It is agreed that he was not advised that the period of revocation would be 6 months. Pryor refused to submit to the test and the Department of Motor Vehicles subsequently revoked his driver's license for 6 months.

RCW 46.20.308 provides in relevant part:

(1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. . . . *The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test.*
. . .
. . .
(3) If, following his arrest, the person arrested refuses upon the request of a law enforcement officer to submit to a chemical test of his breath, *after being informed that his refusal will result in the revocation or denial of his privilege to drive,* no test shall be given. The department of motor vehicles, upon the receipt of a sworn report of

the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer *after being informed that such refusal would result in the revocation or denial of his privilege to drive,* shall revoke his license or permit to drive or any nonresident operating privilege.

(Italics ours.)

Pryor agrees that RCW 46.20.308 does not specifically require the arresting officer to advise him that the period of revocation or denial will be 6 months. His contention is that the intent of the people[1] in enacting RCW 46.20.308 and the relevant portion of RCW 46.20.311 (requiring revocation or denial for 6 months) was that the arresting officer advise a person whom he suspects has been driving while under the influence of intoxicating liquor that refusal to submit to a breathalyzer test will result in the revocation or denial of the operator's license *for 6 months*.

In a two-pronged argument Pryor asserts that RCW 46.20.311 specifically refers to a revocation or denial of his license for a period of 6 months and that evidences the statutory intent to so advise a suspect of the specific period of revocation; and he further contends that a failure to tell a person suspected of intoxication of the period of suspension or revocation denies him the opportunity of exercising an intelligent judgment as to whether to take the test. We do not agree with either argument.

The intent of the people is made abundantly clear by the plain language of the statute. RCW 46.20.308 requires that the officer inform the driver only of his right to refuse to take the test, of his right to have additional tests administered by any qualified person and that his privilege to drive will be revoked or denied if he refuses to submit to

[1] RCW 46.20.308 and the relevant portion of RCW 46.20.311 were adopted by the people on November 5, 1968 as part of initiative measure 242.

the test. *State v. Richardson,* 81 Wn.2d 111, 499 P.2d 1264 (1972). RCW 46.20.311 does nothing more than state the length of time the license shall be suspended or revoked and the conditions upon which the license shall be reissued or renewed. It adds nothing to the requirements of RCW 46.20.308.

We decline to read into RCW 46.20.308 a provision which it does not contain unless we find that the recitation of the rights and warning which the statute requires denies the arrested person the opportunity of exercising an intelligent judgment. *Department of Motor Vehicles v. Mc-Elwain,* 80 Wn.2d 624, 496 P.2d 963 (1972); *Junkley v. Department of Motor Vehicles,* 7 Wn. App. 827, 503 P.2d 752 (1972); *see Bell v. Department of Motor Vehicles,* 6 Wn. App. 736, 496 P.2d 545 (1972). We are convinced that the warning given by the arresting officer is sufficient to provide the driver "the opportunity of exercising an intelligent judgment if he is capable of doing so." *Department of Motor Vehicles v. McElwain, supra; Junkley v. Department of Motor Vehicles, supra.* Neither the statute nor the requirement of providing the driver the opportunity to exercise an intelligent judgment requires the arresting officer to warn that the period of revocation or denial will be 6 months.

Affirmed.

PEARSON, C.J., and PETRIE, J., concur.