[No. 4587–II.   Division Two.   April 22, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. RANDY L. JOHNSON, *Appellant.*

*Elizabeth Penoyar,* for appellant.

*Jeff Campiche, Prosecuting Attorney,* and *Jeremy Randolph, Deputy,* for respondent.

PEARSON, J.—In this appeal from a conviction for third degree assault, defendant argues that probable cause did not support his warrantless arrest, and that the State failed to prove that he assaulted a police officer with intent to "prevent" or "resist" his apprehension or detention pursuant to RCW 9A.36.030(1)(a). We disagree and affirm.

On the evening of July 25, 1979, Officer Wyatt Gilkie, a uniformed member of the Long Beach police force, was dispatched to investigate a noise disturbance call. Near the scene, he observed defendant Randy Johnson straddling a woman who was crying and struggling to get up.[1] Following the refusal of his command to defendant to let the woman up, Officer Gilkie at some point told Johnson that he was under arrest. Johnson then removed the officer's eyeglasses, placed them on the hood of the patrol car, and said, "C'mon Nigger. I'm going to whip your ass." Defendant is more than 6 feet 7 inches tall, and much larger than Officer

---

[1]The woman was the girlfriend of defendant.

Gilkie. In response to defendant's threat, the officer retreated and radioed for assistance.

After much physical effort and the arrival of four more police officers, Johnson was placed unhandcuffed in the rear of the patrol car. The front and back seats of the car were separated by a partition which allowed approximately 6 inches of clearance between the top of the partition and roof. During the long drive to the police station, Johnson repeatedly reached over the partition and tapped Officer Gilkie on the head, interfering with the officer's driving. Defendant testified, in essence, that he tapped the officer on the head to be insulting. Officer Gilkie was not physically harmed by the assault. In a trial to the bench, defendant was convicted of third degree assault solely on the basis of his conduct within the patrol car.

We first address the question of whether probable cause existed to make defendant's arrest a "*lawful* apprehension or detention," pursuant to RCW 9A.36.030(1)(a). (Italics ours.) The existence of probable cause for the arrest is crucial to the State's case because, as defendant correctly contends, not only does a citizen have the right to resist an unlawful arrest so long as that resistance is reasonable in light of all the circumstances, *Kennewick v. Keller,* 11 Wn. App. 777, 787, 525 P.2d 267 (1974), but if an officer's actions are unlawful, a defendant cannot be convicted of third degree assault, which requires intent to prevent or resist *lawful* apprehension or detention, *State v. Humphries,* 21 Wn. App. 405, 408, 586 P.2d 130 (1978).

A police officer may, however, arrest a person without a warrant upon probable cause that the person has committed or is committing a misdemeanor or felony. RCW 10.31.100. Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been committed. The determination will rest on the totality of the facts and circumstances within the officer's knowledge at the time of the

arrest. *State v. Fricks,* 91 Wn.2d 391, 398, 588 P.2d 1328 (1979).

Applying these principles to the facts of the present case, we have determined, in the course of our independent evaluation of the record,[2] *see State v. Daugherty,* 94 Wn.2d 263, 269, 616 P.2d 649 (1980), that defendant's actions toward the woman he was physically restraining at the time of the arresting officer's arrival, and his subsequent removal of the officer's glasses, either alone or in combination,[3] provided probable cause for his warrantless arrest. Accordingly, we hold that there is no merit to defendant's contention that neither his apprehension nor subsequent detention was lawful.

The next question is whether defendant assaulted the arresting officer with intent to "prevent" or "resist" his apprehension or detention, within the meaning of RCW 9A.36.030(1)(a).[4]

As we stated in *State v. Jury,* 19 Wn. App. 256, 269, 576 P.2d 1302 (1978), which is controlling here, the purpose of RCW 9A.36.030 is "to prohibit assaultive behavior which interferes with the custodian's lawful obligations to insure a peaceful and orderly custody." In that case, we upheld a third degree assault conviction where defendant struck an officer in the face as he was attempting to administer a

---

[2]Contrary to defense counsel's apparent belief, we are not bound by the substantial evidence rule when reviewing an assignment of error relating to a matter of fundamental constitutional significance.

[3]As the State asserts, defendant's altercation with the woman gave the arresting officer probable cause to believe defendant was committing the felony of unlawful imprisonment, RCW 9A.40.040, and the gross misdemeanor of simple assault, RCW 9A.36.040. His removal of the officer's eyeglasses in itself may have constituted third degree assault, although the trial court did not so find, and the State does not so assert.

[4]Defendant concedes that his conduct in the patrol car constituted an "assault," *see State v. Garcia,* 20 Wn. App. 401, 402–03, 579 P.2d 1034 (1978) (nonconsensual, unprivileged touching that is harmful or offensive). He also concedes that intent to prevent or resist apprehension or detention does not require an escape motive. *See State v. Jury,* 19 Wn. App. 256, 269, 576 P.2d 1302 (1978).

Breathalyzer test at a police station. Although the quantum of force applied by the assailant in *Jury* may have been greater, the degree of interference with the custodian's lawful obligations was not necessarily less in the present case. The repeated intentional contact defendant's fingers made with the head of the arresting officer hindered his operation of the vehicle which was transporting defendant to the place of detention. Although defendant asserts that his actions were merely meant to be "insulting," we hold that such conduct hindered his "peaceful and orderly custody" which is behavior clearly proscribed in *State v. Jury, supra.*

There being no other assignments of error with merit, defendant's judgment and conviction are affirmed.

REED, C.J., and PETRIE, J., concur.