[No. 9236–7–I.    Division One.    January 20, 1982.]

JOHN I. HAAS, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Van Buskirk, Haas & Branfeld* and *John J. Van Buskirk,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert P. Manos, Assistant,* for respondent.

SWANSON, J.—John I. Haas appeals from a judgment upholding a determination by the Department of Motor Vehicles that his driver's license be revoked for 6 months pursuant to RCW 46.20.308 because of his refusal to submit to a Breathalyzer test.

The undisputed findings of the trial court are as follows:

1.

The Respondent issued an Order of Revocation revoking the Petitioner's driver's license for a period of six months.

2.

At or about 6:30 p.m. on November 11, 1978, at 900 and I–5, Northbound, a public highway in Washington, JOHN I. HAAS was arrested by Trooper Robert R. Iddins of the Washington State Patrol and was given his Miranda rights orally at the time of arrest.

**3.**

At the time and place of the Petitioner's arrest, Trooper Iddins had reasonable grounds to believe that the Petitioner had been driving, or was in actual physical [control] of, a motor [vehicle] upon the public highways of this state while under the influence of intoxicating liquor.

**4.**

That Trooper Iddins transported the Petitioner to the King County Jail and Petitioner was asked to sign the Washington State Patrol Alcohol/Drug Arrest Report containing the warning and waiver of constitutional rights. That the Petitioner refused to sign the report.

**5.**

That during the time the Petitioner was in his custody, Trooper Iddins advised Petitioner of his rights under R.C.W. 46.20.308 and the consequences of refusing to submit to a chemical test of breath. That the Petitioner was shown the Applied Consent Warning Form and refused to sign the same and requested that he be allowed to call an attorney. That Trooper Iddins attempted to call the attorney of Petitioner's choice, but was unable to contact him. The Petitioner then requested a court appointed attorney and this was refused by Trooper Iddins. That at Petitioner's request, Trooper Iddins wrote on the Implied Consent Warning Form "asked for court appointed attorney to be present before taking test according to No. 4". That the Defendant signed below the quoted material on the Implied Warning Consent Form.

**6.**

Trooper Iddins requested the Petitioner to submit to a chemical test of breath.

**7.**

After having been so informed, the Petitioner refused to submit to a chemical test of breath.

**8.**

Trooper Iddins swore to a report of Petitioner's refusal to take a breathalyzer test and submitted that report to the Department of Licensing.

Initially, Haas contends that he has a right to counsel before deciding whether or not to submit to a Breathalyzer test pursuant to RCW 46.20.308. The basis for this argu-

ment is *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893 (1980), wherein the Supreme Court held that the time immediately following arrest for driving under the influence, when the defendant is in custody and must decide whether to submit to the Breathalyzer, is a critical stage in the criminal prosecution, and the defendant must be allowed access to legal counsel.

*State v. Fitzsimmons, supra,* was specifically limited to criminal prosecutions by *Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 220–21, 616 P.2d 688 (1980), wherein this court held:

> However, we think that language means exactly what it says, that a criminal *defendant's* rights are not affected by the implied consent statute. Appellant here is not a defendant in a criminal prosecution. The courts of this state have frequently recognized that a license revocation proceeding is a civil proceeding separate and distinct from a criminal prosecution for driving under the influence. *See, e.g., Nowell v. Department of Motor Vehicles,* 83 Wn.2d 121, 516 P.2d 205 (1973); *Brewer v. Department of Motor Vehicles,* 23 Wn. App. 412, 595 P.2d 949 (1979); *Fritts v. Department of Motor Vehicles,* 6 Wn. App. 233, 492 P.2d 558 (1971).
>
> Although *Fitzsimmons* left the issue undecided, it was not necessarily left open. For example, in ruling that the right to appointed counsel in misdemeanor cases enunciated in *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972) only attaches in a case that actually leads to imprisonment, the United States Supreme Court observed: "Whether this question was indeed 'left open' in *Argersinger* depends upon whether one considers that opinion to be a point in a moving line or a holding that the States are required to go only so far in furnishing counsel to indigent defendants." *Scott v. Illinois,* 440 U.S. 367, 369, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979). We are inclined to view *Fitzsimmons* as an opinion that goes only so far and not as a point on a line moving inevitably toward a rule requiring counsel in license revocation proceedings.
>
> Other states have squarely addressed the issue and have decided it contrary to the position appellant urges here. *See State v. Severino,* 56 Haw. 378, 537 P.2d 1187

(1975); *Blow v. Commissioner of Motor Vehicles,* 83 S.D. 628, 164 N.W.2d 351 (1969). Those decisions are premised on the fundamental distinction between a license revocation under the implied consent law and a criminal prosecution. This court has observed previously that the distinction is more than simply one of nomenclature:

> Regardless of whether driving is a right or a privilege, the license revocation proceeding is not a criminal proceeding. The purpose of enacting RCW 46.20.308 was to protect the public, not to punish the licensee, though the threat of punishment may necessarily be intended to deter the drunken driver. The revocation of drivers' licenses for refusal to submit to the implied consent provisions of RCW 46.20.308 is a function of the Department of Motor Vehicles flowing from the police power of the state to regulate driving in the interest of the public welfare and safety. The proceeding to review that revocation is a civil administrative proceeding (*Connolly v. Department of Motor Vehicles,* 79 Wn.2d 500, 487 P.2d 1050 (1971)), entirely separate and distinct from the criminal charge for which the driver was arrested.

*Fritts v. Department of Motor Vehicles, supra* at 240–41.

Because the instant proceeding is civil as opposed to criminal in nature, no error can be predicated on the theory that appellant's right to counsel was violated.

Haas was not entitled to counsel to decide whether to submit to a Breathalyzer test for purposes of the implied consent provisions of RCW 46.20.308.

■ Next Haas contends that he was confused because of his misunderstanding as to his right to counsel and that this should relieve him of penalties of the implied consent law. In *Strand v. Department of Motor Vehicles,* 8 Wn. App. 877, 878, 509 P.2d 999 (1973), this court held:

> A driver who is advised of his rights under the implied consent law but declines to take a breathalyzer test is deemed to have "refused" the test so as to require revocation of his license unless he objectively and unequivocally manifested that he did not understand his rights and the warning concerning the consequences of refusal and was denied clarification. A lack of understanding not made apparent to the officer is of no consequence.

The driver who proposes such a defense has "[t]he burden of showing that he made his confusion apparent to the officer and was denied further clarification . . ." *Strand v. Department of Motor Vehicles, supra* at 883.

The trial court's decision to not enter a negative finding of fact concerning confusion coupled with the trial court's oral opinion stating that Haas understood his rights constitutes sufficient evidence that Haas failed to meet his burden of proving he was confused. *Hatten v. Department of Motor Vehicles,* 15 Wn. App. 656, 659, 551 P.2d 145 (1976).

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Reconsideration denied February 25, 1982.

Review denied by Supreme Court May 7, 1982.