[No. 4797-1-III. Division Three. February 3, 1983.]

MARK B. WATKINS, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Ronald Estes,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *James R. Silva, Assistant,* for respondent.

GREEN, J.—Mark B. Watkins' license was revoked because he refused to take a Breathalyzer test after having been arrested for driving while under the influence of intoxicants. He appeals from a judgment upholding that revocation. He contends no sanctions should have been imposed against him for refusing to take the Breathalyzer test because he was not afforded a reasonable opportunity to contact his attorney. He further challenges the sufficiency of the evidence to support his arrest. We affirm.

Mr. Watkins' vehicle was stopped by two police officers on January 29, 1981, at 11:30 p.m., after they observed him proceed through an intersection against a red light. He refused to perform any sobriety tests or answer questions until he could contact his attorney. The officers, nevertheless, determined he was intoxicated, arrested him and took him to the police station. There he was read his constitutional rights and implied consent warnings. He was also requested to take a Breathalyzer test, but refused to do so until he could contact his attorney. He had his attorney's office telephone number on a card, but was unable to contact him there. The officers gave him a telephone directory and attempted to help locate the attorney's home telephone number. Upon being unable to do so, the officers gave Mr. Watkins a list of public defenders. He refused to contact anyone but his attorney. After approximately 15 to 20 minutes, he was again requested but refused to take the Breathalyzer test or to sign the implied consent forms. He was then noted as having refused the test which resulted in

this license revocation proceeding.

Mr. Watkins testified that shortly after his release, while he was still in the police station, he obtained his attorney's home telephone number from directory assistance and was told that number was "in the book". Mr. Watkins stated he did not ask to dial directory assistance before his release because he was told he could only make a local telephone call. One officer testified the telephone directory given to Mr. Watkins may not have been current.

Mr. Watkins contends these circumstances require that the revocation of his driver's license be reversed. He argues he had a constitutional right to counsel before deciding to take the Breathalyzer test because the proceedings could have resulted in a criminal prosecution, citing *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893 (1980). He further argues the procedures used here denied him that right.

*State v. Fitzsimmons, supra,* which held one accused of driving while intoxicated has a Sixth Amendment right to counsel immediately after arrest and questioning, involved a criminal prosecution. Whether that holding applies to license revocation proceedings which result when an arrestee refuses to take a Breathalyzer test has not been decided by this division. We note that Division One has held *Fitzsimmons* applies only to criminal cases. *See Haas v. Department of Licensing,* 31 Wn. App. 334, 337–38, 641 P.2d 717, *review denied,* 97 Wn.2d 1015 (1982); *Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 220–21, 616 P.2d 688 (1980). We need not, however, decide this issue because we conclude Mr. Watkins was not *denied* access to counsel, as in *Fitzsimmons.* In fact, he was provided with a telephone directory, a list of public defenders[1] and was given 15 to 20 minutes to contact *any* attorney. However, he admitted he attempted to contact only his

---

[1]It was brought out in oral argument that the list of public defenders was actually a list of private practitioners who were willing to represent indigent defendants. Mr. Watkins testified he did not use the list because he was not familiar with the names on it.

attorney. Although it is advisable that a recent telephone directory be provided to those who request counsel, *Fitzsimmons* does not require that an accused be provided with counsel *of his choice.*

Further, although Mr. Watkins obtained his attorney's telephone number through directory assistance shortly after he was discharged, he did not request or attempt to do so before his discharge. He merely assumed the requirement that his call be local meant directory assistance was unavailable to him. His unexpressed assumption is insufficient to warrant the inference that he was *denied* a right to contact an attorney.

Since Mr. Watkins was fully advised of the consequences of refusing the Breathalyzer test and was not denied his right to counsel, his contention is rejected.

Mr. Watkins contends the trial court erred in not holding his arrest invalid. We disagree. The court found the officers had reasonable grounds to believe he had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. This finding is explained in the court's oral opinion:

> [The fact that] Mr. Watkins went through an intersection . . . when the light was red . . . is a sufficiently serious offense to cause the officers to pursue the vehicle. And that [fact], combined with the determination of odor of alcohol, the fact that Mr. Watkins was not steady on his feet, that there was slurred speech, his eyes were watery, gave the officers a reasonable basis or grounds to believe that the cause of the erratic driving was alcohol.

 Mr. Watkins claims he reasonably explained his behavior. The court, however, was entitled to decide the credibility of his testimony. Further, probable cause to arrest exists where the totality of the facts and circumstances *known to the officers at the time of the arrest* would warrant a reasonably cautious person to believe an offense is being committed. *State v. Johnson,* 29 Wn. App. 307, 628 P.2d 479 (1981); *State v. Turner,* 29 Wn. App. 282,

627 P.2d 1324 (1981). The court's findings, as explained in its memorandum opinion, lead to the conclusion the officers had reasonable grounds to arrest Mr. Watkins and are supported by the evidence.

Affirmed.

ROE, C.J., and MUNSON, J., concur.