[No. 7254–1–III.  Division Three.  October 7, 1986.]

MARY J. ROETHLE, *Respondent,* v. THE DEPARTMENT OF LICENSING, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *James R. Silva, Assistant,* for appellant.

*John C. Cooney,* for respondent.

McINTURFF, J.—This is an appeal from a trial de novo in Spokane County Superior Court concerning the revocation by the Department of Licensing of Mary Roethle's driver's license for refusing to consent to a Breathalyzer test. The Superior Court reversed the Department's decision to revoke Ms. Roethle's license; the Department appeals, contending the officer did not have to inform Ms. Roethle that her refusal to take the Breathalyzer test would result in a revocation of her driver's license for 1 year. We agree and reverse.

The basic facts are undisputed. On May 20, 1984, Ms. Roethle was arrested for driving while under the influence.

About an hour after the arrest Spokane police officer Ronald G. Vanos read the following warning to Ms. Roethle:

> Warning. You are under arrest for driving a motor vehicle while under the influence of intoxicating liquor. Further, you are now being asked to submit to a chemical test of your breath to determine the alcoholic content of your blood. You are now advised that you have the right to refuse this breath test; that if you refuse, your privilege to drive will be revoked or denied by the Department of Licensing; and that you have the right to additional tests administered by a qualified person of your own choosing and at your own expense; and that your refusal to take the test shall be used against you in a subsequent trial.

The officer informed Ms. Roethle two other times regarding her implied consent rights but each time she refused to take the Breathalyzer test.

Following the officer's submission of the sworn report to the Department, the Department revoked Ms. Roethle's driver's license for 1 year. Ms. Roethle requested and was granted an administrative hearing, which affirmed the Department's revocation order. She then sought de novo review in superior court. On February 25, 1985, the court entered findings of fact and conclusions of law sustaining the Department's 1–year revocation of Ms. Roethle's driver's license. Following her motion for relief from judgment, however, the court reversed the Department's decision to revoke her license because the officer improperly advised Ms. Roethle of the "consequences of refusing to submit to a chemical test of breath."

The Department's sole contention is that the court erred in reversing the revocation of Ms. Roethle's driver's license. It claims RCW 46.20.308 does not require that the officer warn the arrested driver of the specific length of revocation or denial of the driver's license.

Former RCW 46.20.308 provides:

> (1) Any person who operates a motor vehicle within this state is deemed to have given consent, subject to the

provisions of RCW 46.61.506, to a chemical test or tests of his or her breath or blood for the purpose of determining the alcoholic content of his or her blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

(2) . . . The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test, and (b) that his or her refusal to take the test may be used against him or her in a subsequent criminal trial.

The underlying purpose of the implied consent statute is to provide the vehicle operator the opportunity to make an intelligent decision whether to exercise the statutory right of refusal. *State v. Whitman Cy. Dist. Court,* 105 Wn.2d 278, 281, 714 P.2d 1183 (1986); *Connolly v. Department of Motor Vehicles,* 79 Wn.2d 500, 504, 487 P.2d 1050 (1971); *see also Welch v. Department of Motor Vehicles,* 13 Wn. App. 591, 592, 536 P.2d 172 (1975) (warning the driver "could" lose license if the Breathalyzer test is refused did not provide defendant opportunity to exercise intelligent judgment where revocation of license "would" result). The fundamental issue here is whether the officer's failure to inform Ms. Roethle that she would lose her license for 1 year deprived her of the opportunity to make a knowing, intelligent and voluntary decision.

In *Pryor v. Department of Motor Vehicles,* 8 Wn. App. 953, 509 P.2d 1018 (1973), Floyd Pryor was arrested for driving while under the influence of intoxicating liquor. The arresting officer requested that he submit to a Breathalyzer test, advised him of his right to refuse to take the test and that the consequence of his refusal would be the revocation or denial of his privilege to drive. The officer did not inform Mr. Pryor that his license would be revoked for 6 months. In addressing the identical issue before us, the court said:

The intent of the people is made abundantly clear by the plain language of the statute. RCW 46.20.308

requires that the officer inform the driver only of his right to refuse to take the test, of his right to have additional tests administered by any qualified person and that his privilege to drive will be revoked or denied if he refuses to submit to the test. *State v. Richardson,* 81 Wn.2d 111, 499 P.2d 1264 (1972). RCW 46.20.311 does nothing more than state the length of time the license shall be suspended or revoked and the conditions upon which the license shall be reissued or renewed. It adds nothing to the requirements of RCW 46.20.308.

We decline to read into RCW 46.20.308 a provision which it does not contain unless we find that the recitation of the rights and warning which the statute requires denies the arrested person the opportunity of exercising an intelligent judgment. We are convinced that the warning given by the arresting officer is sufficient to provide the driver "the opportunity of exercising an intelligent judgment if he is capable of doing so." Neither the *statute nor the requirement of providing the driver the* opportunity to exercise an intelligent judgment requires the arresting officer to warn that the period of revocation or denial will be 6 months.

(Citations omitted.) *Pryor,* at 955–56.

█ RCW 46.20.308 does not expressly require that the length of time be stated in the warning. Moreover, we are not persuaded that the warning here deprived Ms. Roethle of the opportunity to make an intelligent decision. A warning should be phrased so that one of normal intelligence will understand the consequences of his or her actions. The warning here informed Ms. Roethle that her license would be revoked or denied if she refused the test. The word "revoke" ordinarily means to "rescind" or "cancel". *Webster's Third New International Dictionary* 1945 (1969). Hence, Ms. Roethle was adequately informed she would lose her license if she refused the test. This warning satisfied statutory requirements and provided the minimum information necessary to understand the effects of the decision to refuse a Breathalyzer test.

The judgment of the Superior Court is reversed.

GREEN, C.J., and MUNSON, J., concur.

Reconsideration denied November 7, 1986.

Review denied by Supreme Court March 3, 1987.