[No. 15716-7-I.  Division One.  December 31, 1986.]

ROGER G. WILLIAMS, *Appellant,* v. THE DEPARTMENT
OF LICENSING, *Respondent.*

*Eric A. Hoyer,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Gwendo-lyn Howard, Assistant,* for respondent.

SCHOLFIELD, C.J.—Roger Williams appeals the revocation of his operator's license by the Department of Licensing for refusing to submit to a Breathalyzer test. We affirm.

## FACTS

On April 15, 1983 at approximately 1:50 a.m., Sgt. Roger Johnson of the Bremerton Police Department observed Williams traveling westbound on Kitsap Way at a high rate of speed. Sgt. Johnson pursued Williams and observed him make a left turn, run a red light, continue at a high rate of

speed, and engage in erratic driving. Sgt. Johnson stopped Williams as he attempted to enter the freeway.

As Sgt. Johnson approached the vehicle, Williams had the window cracked open a short distance and was holding his driver's license out of the window. When asked to roll the window down all the way, Williams replied that his lawyer told him not to take any tests. Sgt. Johnson testified that while conversing with Williams, he noticed that Williams' eyes appeared to be red and watery. When Williams refused to roll the window down and to open the door of his truck, Sgt. Johnson advised Williams he was under arrest. As Williams got out of his truck, Sgt. Johnson noticed the odor of intoxicants about Williams' person, which he described as "[m]oderate plus". Williams refused to perform any field sobriety tests and was advised of his constitutional rights.

Sgt. Johnson read Williams his implied consent rights from the Washington State Patrol Breathalyzer form and advised Williams that his refusal to submit to the chemical test would result in revocation of his privilege to drive by the Department of Licensing. Nevertheless, Williams refused to take the Breathalyzer test.

Sgt. Johnson submitted his sworn affidavit of Williams' refusal to the Department of Licensing, which subsequently revoked Williams' operator's license. A trial de novo was conducted in King County Superior Court, and the license revocation was upheld. This appeal timely followed.

## REASONABLE GROUNDS

Former RCW 46.20.308 provides in part:

(1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61-.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual

physical control of a motor vehicle while under the influence of intoxicating liquor.

Williams does not contest the validity of his arrest. He assigns error only to the trial court's conclusion that the arresting officer had reasonable grounds to believe he was driving a motor vehicle while intoxicated. The requirement of reasonable grounds is separate from probable cause to arrest. The arrest may be for any offense, but must be a valid arrest. *Fritts v. Department of Motor Vehicles,* 6 Wn. App. 233, 237, 492 P.2d 558 (1971).

■ The language of the statute indicates that the reasonable grounds must be present "at the time of the arrest". Although no cases have construed the language "at the time of the arrest", the obvious legislative purpose in enacting the statute is best served by an interpretation that the arresting officer may use facts happening or observed after an arrest has taken place. Allowing the officer to utilize observations made subsequent to the arrest does not interfere with the constitutional rights of the individual arrested.

No error has been assigned to any of the court's findings of fact, and there was no disputed testimony presented at trial. The question for review is whether the facts as presented constituted reasonable grounds under the statute. The question of whether a statute applies to a particular set of facts is a legal issue and fully reviewable on appeal. *Lobdell v. Sugar 'N Spice, Inc.,* 33 Wn. App. 881, 658 P.2d 1267 (1983).

Sgt. Johnson, at the time of the arrest, had reasonable grounds to believe that Williams was driving while under the influence of intoxicating liquor. Prior to the arrest, he observed Williams driving in an erratic, dangerous and unlawful manner. When he initially approached Williams' vehicle, Williams refused to roll down the window of his truck any farther than was necessary to hand his driver's license to the officer. This amounts to conduct on the part of Williams which can be interpreted by an arresting officer and the trier of fact as a reaction to a consciousness of

guilt. Such evidence is admissible on the issue of guilt or innocence. *State v. Bruton,* 66 Wn.2d 111, 112, 401 P.2d 340 (1965); 5 K. Tegland, Wash. Prac. § 85 (1982). In addition, the arresting officer had observed Williams' red and watery eyes and the odor of alcohol about his person. These circumstances considered together provide reasonable grounds for a belief that the subject driver is under the influence of alcohol.

Williams contends that his statement to Sgt. Johnson made immediately prior to his arrest that his attorney had advised him not to take any tests was not admissible evidence bearing on the "reasonable grounds" issue because it was an exercise by Williams of his Fifth Amendment right not to give evidence against himself. We find that reasonable grounds for the officer's belief existed in this case, without consideration of the statement in question. Further, we would point out that the argument based upon the Fifth Amendment is not relevant to a license revocation proceeding, since it is a civil rather than a criminal proceeding. *Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 220, 616 P.2d 688 (1980); *Haas v. Department of Licensing,* 31 Wn. App. 334, 641 P.2d 717 (1982). *See also State v. Staeheli,* 102 Wn.2d 305, 309, 685 P.2d 591 (1984).

Judgment affirmed.

SWANSON and WEBSTER, JJ., concur.