[No. 15490-7-I.  Division One.  January 26, 1987.]

LARRY D. KEEFE, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Stephanie M. Searing* and *Kinzel, Cowan & Allen,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Gwendolyn Howard, Assistant,* for respondent.

SWANSON, J.—Larry D. Keefe appeals the superior court judgment upholding his 6–month driver's license revocation by the State Department of Licensing pursuant to RCW 46.20.308, the implied consent statute, based upon his refusal to take a Breathalyzer test. He raises these issues on appeal: (1) whether his driver's license revocation was improper where he was not advised of a right to counsel when he was asked to take the Breathalyzer test upon his arrest for driving while under the influence of alcohol and (2) whether sufficient evidence supports the trial court's finding that the arresting police officer had reasonable grounds to believe that he had been in actual physical control of a motor vehicle upon the state's public highways while under the influence of intoxicating liquor.

Upon his arrival at an accident scene in Bellevue, Washington, on November 11, 1981, Officer Gary George of the Bellevue Police Department saw a Metro bus stopped at a bus stop with a severely damaged automobile directly behind it. Keefe, who was seated behind the car's steering wheel, said that he did not know what had happened. Officer George detected a strong odor of intoxicants about Keefe and within the car's interior and noted that Keefe had facial and leg injuries but exhibited no signs of pain. Keefe was placed under arrest for driving while under the influence of intoxicants or drugs.

Keefe was taken by aid car to Overlake Hospital. Officer

George testified that had Keefe been capable of leaving the accident scene on his own, he would not have been permitted to do so and that he instructed the aid car personnel that Keefe had been placed under arrest and was not to be released from the hospital without his permission. After completing an investigation of the accident scene, Officer George went to Overlake Hospital, where he advised Keefe of the implied consent warning and his implied consent statutory rights and asked Keefe if he would take the Breathalyzer test. Keefe refused. After a second explanation and request, Keefe again refused to take the test.

Officer George completed for submittal to the prosecutor the forms for the issuance of a summons on a driving while under the influence charge. The officer submitted a notarized report of Keefe's refusal to take the Breathalyzer test, and the Department of Licensing revoked Keefe's driver's license for 6 months based upon his refusal to take the test. Upon Keefe's appeal to the Superior Court, the Department's license revocation order was affirmed, and Keefe now appeals the superior court judgment.

## DRIVER'S LICENSE REVOCATION

At any critical stage in a criminal prosecution a defendant has a right to counsel under both the federal constitution's Sixth Amendment and our state constitution's article 1, section 22 (amendment 10). *Coleman v. Alabama,* 399 U.S. 1, 7, 26 L. Ed. 2d 387, 90 S. Ct. 1999, 2002 (1970); *Heinemann v. Whitman Cy.,* 105 Wn.2d 796, 799–800, 718 P.2d 789 (1986). The right to counsel attaches only after the initiation of formal judicial criminal proceedings. *Kirby v. Illinois,* 406 U.S. 682, 689–90, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972); *Heinemann v. Whitman Cy., supra* at 800. The Sixth Amendment right to counsel does not apply where a person is arrested for driving while intoxicated until a critical stage is reached after a citation is issued. *Heinemann v. Whitman Cy., supra* (citing *State ex rel. Juckett v. Evergreen Dist. Court,* 100 Wn.2d 824, 829, 675 P.2d 599 (1984)).

Here the record reveals that Keefe had been arrested but had not received a citation when he was requested to take the Breathalyzer test. Criminal proceedings had not been initiated against him, triggering his Sixth Amendment right to counsel. *State ex rel. Juckett v. Evergreen Dist. Court, supra* at 829–30; *Airway Heights v. Dilley,* 45 Wn. App. 87, 92–93, 724 P.2d 407 (1986).

Moreover, no right to counsel prior to taking the Breathalyzer test arose here under *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). *Heinemann v. Whitman Cy., supra* at 800–01. The requirement under *Miranda v. Arizona* that a criminal defendant be protected against self–incrimination by being advised of his rights, including the right to counsel, prior to custodial police interrogation is limited to the compulsion to make a testimonial communication and is inapplicable where the accused is the source of real or physical evidence. *Heinemann v. Whitman Cy., supra* at 801. A breath sample given in a Breathalyzer test is real or physical evidence, not a testimonial communication. *State v. Zwicker,* 105 Wn.2d 228, 242, 713 P.2d 1101 (1986).

Nevertheless, while no constitutional right to counsel attaches at the pre–citation stage and no *Miranda* protections apply to a nontestimonial Breathalyzer test–taking situation, *Heinemann v. Whitman Cy., supra* at 809, under JCrR 2.11 a defendant has the right to counsel in criminal proceedings in a court of limited jurisdiction for offenses punishable by the loss of liberty. Unlike the constitutional right to counsel, which arises only after judicial proceedings have been initiated, the right to counsel under JCrR 2.11 accrues as soon as feasible after the defendant is taken into custody or is formally charged, and the defendant must be informed of his right immediately when he is taken into custody. *Heinemann,* at 802–03.

The court rule requires that a person in custody who desires counsel be afforded a reasonable opportunity to contact counsel, but not actual communication with an attorney. *State v. Staeheli,* 102 Wn.2d 305, 309–10, 685

P.2d 591 (1984); *Airway Heights v. Dilley, supra* at 93–94. Moreover, once a defendant who has been placed in custody has been advised of his *Miranda* rights, including the right to counsel, it is unnecessary to advise him of a right to counsel with specific reference to whether or not he should take the Breathalyzer test. *State ex rel. Juckett v. Evergreen Dist. Court, supra* at 830–31.

In the present case it is undisputed that when Keefe was arrested and was taken into custody and was asked to take the Breathalyzer test, he was not advised of his right to counsel as required by the criminal court rule. Keefe argues that the failure to advise him of this right prior to requesting that he take the Breathalyzer test vitiated his refusal to take the test for purposes of an administrative proceeding to revoke his driver's license under RCW 46.20.308,[1] the implied consent statute. Keefe's argument has merit only if for license revocation purposes he had a right to counsel before deciding whether to submit to a Breathalyzer test pursuant to RCW 46.20.308.[2]

▮ Keefe argues that under *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690, *vacated,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980), the implied consent statute does not preclude the application of court rules such as JCrR 2.11 and cannot act to "waive" the defendant's constitutional right to counsel in a criminal proceeding. However, the right to counsel under JCrR 2.11 and the federal and state constitutions have effect in a criminal proceeding. *State ex rel. Juckett v. Evergreen Dist. Court, supra* at 828–30. The administrative license revocation proceeding at issue here is civil in nature and thus not such a proceeding. *State v. Whitman Cy. Dist. Court,* 105 Wn.2d 278, 282, 714 P.2d 1183 (1986).

---

[1]RCW 46.20.308 was amended in 1985 and 1986. *See* Laws of 1985, ch. 407, § 3, p. 1790; Laws of 1986, ch. 153, § 5, p. 483; Laws of 1986, ch. 64, § 1, p. 215.

[2]The court in *State v. Fitzsimmons,* 93 Wn.2d 436, 450 n.2, 610 P.2d 893, 18 A.L.R.4th 690, *vacated,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980) did not reach this question.

The implied consent law provides that the operator of a motor vehicle on Washington highways is deemed to have given consent to a chemical test to determine the alcohol content of his blood subject to the opportunity to withdraw consent. *State v. Staeheli, supra* at 309; *Schoultz v. Department of Motor Vehicles,* 89 Wn.2d 664, 667, 574 P.2d 1167 (1978). A driver's license will be revoked if the driver is arrested by an officer who has reasonable grounds to believe that he was driving while under the influence of intoxicating liquor and he refuses to take a Breathalyzer test after being informed of his statutory rights, including the right to refuse to take the test, and the consequences of refusal. *See State v. Staeheli, supra* at 308; *Schoultz v. Department of Motor Vehicles, supra* at 667–68.

The underlying purpose of the implied consent statute is to provide the driver the opportunity to make an intelligent decision as to whether to exercise the statutory right of refusal. *State v. Whitman Cy. Dist. Court, supra* at 281; *Roethle v. Department of Licensing,* 45 Wn. App. 607, 609, 726 P.2d 1001 (1986). Neither the statute nor the case law indicates that the right to consult with legal counsel is prerequisite to the exercise of an intelligent judgment as to whether to take the breath test pursuant to the implied consent statute. Under the statute, the officer's request that a driver submit to a Breathalyzer test is not open to debate or negotiation but rather calls for a simple "yes" or "no" answer. *State v. Staeheli, supra* at 310; *Airway Heights v. Dilley, supra* at 94.

In addressing the question as to whether a driver has a right to counsel before deciding whether to take a Breathalyzer test for license revocation purposes pursuant to the implied consent statute, we have answered in the negative.[3] *Haas v. Department of Licensing,* 31 Wn. App. 334, 338, 641 P.2d 717, *review denied,* 97 Wn.2d 1015 (1982); *Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 221, 616

---

[3]We did not reach this question in *Watkins v. Department of Licensing,* 33 Wn. App. 853, 855, 658 P.2d 53 (1983).

P.2d 688 (1980).

Keefe argues that any statements in *Wolf v. Department of Motor Vehicles* and *Haas v. Department of Licensing* regarding no right to counsel to decide whether to take the Breathalyzer test for license revocation purposes are dicta and that these two cases are distinguishable from the instant case in that (1) in both of these cases, unlike here, the *Miranda* rights were given and (2) in *Haas* the state patrolman attempted unsuccessfully to call Haas' attorney of choice and in *Wolf* the appellant was permitted to call his attorney and was given advice over the telephone to take the Breathalyzer test.

We have indicated that any statements in *Wolf* regarding compliance with the right to counsel were dicta since "*Wolf* was not a criminal case but was an administrative license revocation pursuant to RCW 46.20.308" and the right to counsel was inapplicable in such an administrative proceeding. *Seattle v. Box,* 29 Wn. App. 109, 115, 627 P.2d 584 (1981); *see Watkins v. Department of Licensing,* 33 Wn. App. 853, 855, 658 P.2d 53 (1983). The *Haas* court stated that Haas was not entitled to counsel to make the Breathalyzer test–taking decision for license revocation purposes. *Haas v. Department of Licensing, supra.* In the instant case in which it is undisputed that Keefe was not advised of a right to counsel prior to being asked to take the Breathalyzer test, we hold that for license revocation purposes no right to counsel exists to decide whether to take the Breathalyzer test.

*State ex rel. Juckett v. Evergreen Dist. Court,* upon which Keefe relies, is inapposite in that *Juckett* involved criminal proceedings, not an administrative proceeding, as in the instant case. *State v. Staeheli,* which Keefe cites in support of his position, is similarly distinguishable. The *Staeheli* court rejected the confusion doctrine rule which presumes confusion from a driver's insistence upon counsel after *Miranda* warnings have been given. *State v. Staeheli, supra* at 310. Keefe has not asserted a confusion defense.

In *Staeheli,* unlike in the present case, the driver was

given *Miranda* warnings in addition to the implied consent warnings and upon review by the superior court raised a confusion defense, claiming that he had insisted upon waiting for counsel before taking the Breathalyzer test. In rejecting the confusion defense, the *Staeheli* court held that an accused has a right of reasonable, not actual, access to counsel. *Staeheli,* at 309–10.

The *Staeheli* court further stated:

> Whatever the impact of the right to counsel in the criminal proceeding, this right cannot alter the driver's statutory obligations under the implied consent law. Consent to a chemical test is implied from being granted driving privileges, upon condition that an opportunity to withdraw consent will be given. The Legislature clearly intended that withdrawing consent would automatically incur revocation of the driving privilege.

*Staeheli,* at 309. Thus despite the effect of the right to counsel in a criminal proceeding, the withdrawal of consent to a chemical sobriety test automatically invokes a person's license revocation.

As noted in *State v. Fitzsimmons,* 93 Wn.2d at 450; *Wolf v. Department of Motor Vehicles, supra* at 221; and *Haas v. Department of Licensing, supra* at 337–38, other states recognize no right to counsel to decide whether to take a chemical sobriety test for purposes of an implied consent law. *See, e.g., Gaunt v. Motor Vehicle Div., Dep't of Transp.,* 136 Ariz. 424, 666 P.2d 524, 526 (Ct. App. 1983); *Du Pree v. Foschio,* 89 A.D.2d 800, 453 N.Y.S.2d 477 (1982); *Steward v. State,* 436 N.E.2d 859, 862 (Ind. Ct. App. 1982) and cases cited in *State v. Fitzsimmons,* 93 Wn.2d at 450.

### SUFFICIENCY OF THE EVIDENCE

Next, Keefe argues that his driver's license revocation was improper because insufficient evidence supports the trial court's finding of fact 3 regarding the validity of his arrest:

> At the time and place of the petitioner's arrest, Officer George had reasonable grounds to believe that the peti-

tioner had been driving or was in actual physical control of, a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor.

The State concedes that a lawful arrest is a prerequisite to trigger the application of the implied consent statute. *State v. Wetherell*, 82 Wn.2d 865, 869, 514 P.2d 1069 (1973); *Campbell v. Department of Licensing*, 31 Wn. App. 833, 837, 644 P.2d 1219 (1982).

A police officer may arrest a person without a warrant upon probable cause to believe that the person has violated or is violating a traffic law such as RCW 46.61.502 or .504, relating to driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. RCW 10.31.100(3)(d);[4] *see State v. Hornaday*, 105 Wn.2d 120, 123, 713 P.2d 71 (1986).

> Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been committed.

*State v. Johnson*, 29 Wn. App. 307, 309, 628 P.2d 479 (1981); *see Watkins v. Department of Licensing, supra* at 856.

Here the arresting officer testified that upon arriving at the accident scene, he saw directly behind the Metro bus parked at a bus stop the "severely damaged front end" of an automobile with Keefe still in the car, seated behind the steering wheel. *Cf. State v. Staeheli, supra* at 306 (petitioner found asleep in vehicle just off freeway with car lights on, engine running and odor of intoxicants arrested for physical control of a motor vehicle while under the influence of intoxicants). The officer further testified that the factors upon which he based his determination to arrest Keefe for driving while under the influence of intoxicating liquor included:

---

[4] Although RCW 10.31.100 was amended in 1985, subsection (3)(d) has remained unchanged. *See* Laws of 1985, ch. 303, § 9, p. 1049; Laws of 1985, ch. 267, § 3, p. 926.

[t]he odor of intoxicants, . . . a large bus parked there with lights on the rear that were at least six inches in diameter, that were working, well lighted; the fact that he ran into the rear end of the bus and he appeared to be feeling no pain.

From our review of the record, we are satisfied that sufficient evidence supports the trial court's finding that the officer had reasonable grounds to believe that Keefe had been driving or was in actual physical control of a car upon the public highways while under the influence of intoxicating liquor and thus had probable cause to arrest Keefe. *Fritts v. Department of Motor Vehicles,* 6 Wn. App. 233, 238–39, 429 P.2d 558 (1971); *see Watkins v. Department of Licensing, supra* at 857.

The judgment below is affirmed.

SCHOLFIELD, C.J., and WEBSTER, J., concur.

Reconsideration denied March 3, 1987.

Review denied by Supreme Court June 2, 1987.