[No. 13860-0-I.   Division One.   December 20, 1985.]

DAVID E. PAULSON, *Appellant*, v. THE DEPARTMENT
OF LICENSING, *Respondent*.

*Senter, Miller & Bowden* and *George N. Bowden,* for
appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Gwendolyn Howard, Assistant,* for respondent.

PETRIE, J.*—David E. Paulson appeals a judgment
affirming the administrative revocation of his license
because of his refusal to take a Breathalyzer test following
his arrest for driving while intoxicated. We find no error
and affirm the judgment.

---

*Judge Harold J. Petrie is serving as a judge pro tempore of the Court of
Appeals pursuant to RCW 2.06.150.

His contention is that when he was arrested and advised of his *Miranda* rights (*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966)) and his statutory rights under RCW 46.20.308(1), he was not completely and accurately informed of his rights. He contends that after he insisted on obtaining legal advice before consenting to submit to the Breathalyzer test, the arresting officers had a duty to tell him expressly that he was not entitled to condition a refusal upon his actual consultation with an attorney and that he was not entitled to have the attorney present when taking the test.

Recently, by unanimous opinion, the Supreme Court of Washington recognized but declined to follow the confusion doctrine developed in other jurisdictions which, in effect, *presumes confusion* from the driver's insistence upon counsel after *Miranda* warnings have been given. *State v. Staeheli,* 102 Wn.2d 305, 685 P.2d 591 (1984). The court held that a person arrested for driving while intoxicated who is given both *Miranda* and implied consent warnings may not lawfully refuse the Breathalyzer test by insisting on the arrival of counsel before submitting to the test. *Staeheli,* at 306. The court will not presume confusion and place the burden on the officer to further clarify the driver's rights. *Staeheli,* at 310.

In this case, Paulson, though arrested in Cowlitz County, was granted the opportunity and did actually communicate by telephone with his attorney in King County. Following the attorney's advice, he attempted to and was given reasonable opportunity to contact local counsel in Cowlitz County. He was unsuccessful, however, in obtaining any legal advice. Though Paulson was not expressly advised that his *Miranda* right to counsel did not permit him to condition refusal to take the test upon his inability to obtain legal advice, he was, nevertheless, expressly advised by the arresting officers of his obligation to submit to the Breathalyzer test and the consequences of a refusal. We find no error.

Judgment affirmed.

SWANSON and WEBSTER, JJ., concur.

Review denied by Supreme Court February 21, 1986.