[Nos. 20734–2–I; 21399–7–I.   Division One.   January 30, 1989.]

THE CITY OF SEATTLE, *Respondent,* v. SUSAN KAY KOCH, *Petitioner.*

THE STATE OF WASHINGTON, *Petitioner,* v. JAMIE HANSON, *Respondent.*

*Stephen G. Smith,* for petitioner Koch.

*Norm Maleng, Prosecuting Attorney,* and *Jeffrey H. Smith, Deputy,* for petitioner State.

*Douglas N. Jewett, City Attorney,* and *Douglas B. Whalley, City Prosecutor,* for respondent Seattle.

*Kenneth W. Fornabai* and *Harpold, Fornabai & Fiori,* for respondent Hanson.

PEKELIS, J.—These two cases come to this court on discretionary review following pretrial hearings. We dispose of both cases in this opinion because they present the identical issue: is a DWI defendant's right to counsel under either the Sixth Amendment or CrRLJ 3.1(c)(2) denied when the presence of a police officer in the room arguably limits privacy during a telephone consultation with counsel? We answer that question in the negative, reversing the dismissal in Hanson's case[1] and affirming the Superior Court's reversal of the Municipal Court's dismissal in Koch's case.

## I
### HANSON

Following her arrest for driving while intoxicated and after being advised of her *Miranda*[2] rights, Jamie Hanson asked to speak with an attorney. The arresting officer dialed an attorney's number on a phone located at the booking desk and handed the phone to her. Hanson spoke to the attorney for approximately 10 minutes. During that

---

[1] In view of our holding, we do not address the additional issue raised by the State in Hanson's case, whether dismissal or suppression would be the proper remedy if a denial of effective assistance of counsel had occurred.

[2] *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

time, the arresting officer was 5 to 10 feet away from Hanson and was separated from her by a brick wall with an open window approximately 2 feet by 4 feet. Another officer working at the booking desk was walking in and out.

The arresting officer could hear Hanson talking, but could not make out any of her words. He could see her face, shoulders and hands, and observed her during the conversation for three stated purposes: (1) to be sure she did not put anything in her mouth so as to cause the Breathalyzer examination to be flawed;[3] (2) for his safety in preventing Hanson's escape; and (3) for Hanson's safety.

Hanson testified that she turned her back to the officer and whispered in an attempt to get some privacy. She felt that the attorney at the other end of the line could not hear her properly, and that therefore her ability to discuss her case was affected. However, there was no testimony that she requested additional privacy.

Prior to trial, Hanson moved to dismiss the charges on the grounds that she had not received adequate counsel. The motion was granted and the State appealed to the Superior Court, which affirmed the trial court's judgment of dismissal. The State appeals.

## II
## KOCH

Following her arrest for driving while intoxicated and after being advised of her *Miranda* rights, Susan Kay Koch asked to talk to an attorney. At the time she and the arresting officer were in a "report write–up room" in the police station. This room is approximately 30 feet wide and 50 feet long, with three holding cells on one wall and two phones located in the main area. The officer dialed the

---

[3]An arresting officer must observe a DWI suspect for 15 minutes prior to the suspect's taking a breath test to ensure that the suspect has nothing to eat or drink and that the suspect has no foreign substances in his or her mouth. WAC 448–12–230; *see also State v. Baker*, 56 Wn.2d 846, 856, 355 P.2d 806 (1960). However, the officer herein also testified that it was not until after the phone conversation that he made his first observation of Hanson's mouth in accordance with the Breathalyzer test procedures.

number for the office of a public defender for Koch. During the ensuing telephone conversation, the officer was seated in the same room approximately 10 to 15 feet away.

The officer testified that he was able to hear her voice but could not distinguish the words that she spoke. Koch testified that in an effort to gain some privacy, she turned her face away from him, but he asked her to turn and face him. The officer testified that his purposes in staying close to her were to keep her under observation so that she did not place anything in her mouth and to prevent escape.

Koch believed that depending on how loud she spoke, the officer could hear her. During the telephone conversation, she was asked by the attorney whether the officer was near enough to hear her, and she responded that he was. Thereafter, the attorney instructed her to answer only "yes" or "no." There was no evidence that either Koch or the attorney asked the officer to leave or move further away.

At a pretrial hearing, the Municipal Court ruled that Koch had been denied meaningful access to counsel and that the appropriate remedy was dismissal. On RALJ appeal, the Superior Court in this case reversed the lower court, concluding that:

> JCrR 2.11[4] and 6th Amendment was [*sic*] not violated in this case. The trial court's dismissal is in error.
>
> This case is distinguished from *State v. Holland,* 711 P.2d 592 (Ariz. 1985) insofar as McCleod the attorney consulted did not specify that she felt restricted in her ability to advise the respondent and was in fact able to advise to take the BAC test and respond to the questionnaire.

Koch appeals.

## III
### ANALYSIS

■ Under the federal constitution's Sixth Amendment, a criminal defendant's right to counsel attaches when a critical stage in a criminal prosecution resulting in loss of

---

[4]JCrR 2.11 was the predecessor rule to CrRLJ 3.1.

liberty is reached.[5] *Heinemann v. Whitman Cy.,* 105 Wn.2d 796, 799–800, 718 P.2d 789 (1986); *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690 (citing *Kirby v. Illinois,* 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972)), *vacated,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980); *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966); *Keefe v. Department of Licensing,* 46 Wn. App. 627, 629, 731 P.2d 1161, *review denied,* 108 Wn.2d 1018 (1987). When a person is arrested for driving while intoxicated, the Sixth Amendment right to counsel does not apply until after a citation is issued. *Keefe* (citing *Heinemann; State ex rel. Juckett v. Evergreen Dist. Court,* 100 Wn.2d 824, 829, 675 P.2d 599 (1984)).

Here the record reveals that both Hanson and Koch had been arrested for driving while intoxicated, but had not yet been cited when each asked to speak to an attorney prior to having her breath tested. Thus, no federal constitutional right to counsel had yet accrued. *See Keefe,* 46 Wn. App. at 630.

Under CrRLJ 3.1, on the other hand, a defendant's right to counsel in criminal proceedings accrues "as soon as feasible after the defendant has been arrested, appears before a committing magistrate, or is formally charged, whichever occurs earliest." CrRLJ 3.1(b)(1); *see also Keefe,* 46 Wn. App. at 630 (citing *Heinemann,* 105 Wn.2d at 802–03). CrRLJ 3.1(c)(2) requires that a defendant "who desires a lawyer shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning a lawyer, and any other means necessary to place him or her in communication with a lawyer." The gist of Koch's and Hanson's complaints is that the access to counsel each was provided under this rule was inadequate in that the rule impliedly requires private communication which they did not have.

---

[5]Neither Koch nor Hanson bases her contentions on Const. art. 1, § 22 (amend. 10), so we do not address whether any state constitutional right to counsel had accrued.

■ We undertake our analysis with the understanding that Koch and Hanson's rights arise not from the constitution but from the kind of rule which has been characterized as requiring "more an opportunity" than an "actual communication" with an attorney. *Airway Heights v. Dilley,* 45 Wn. App. 87, 93, 724 P.2d 407 (1986). A review of the pronouncements of our Supreme Court on the scope of the right bestowed by these court rules confirms this characterization.

In *Fitzsimmons,* the Supreme Court recognized that a DWI defendant's rights at the stage immediately after arrest are limited, indicating that often telephone consultation alone will be sufficient. *Fitzsimmons,* 93 Wn.2d at 448. Thus, in *Seattle v. Box,* 29 Wn. App. 109, 627 P.2d 584 (1981), the court stated that, after permitting a defendant to call an attorney, the police should not be required to delay routine processing and wait for an attorney to arrive personally at the scene. *Box,* 29 Wn. App. at 115–16. Similarly, in *State v. Staeheli,* 102 Wn.2d 305, 309–10, 685 P.2d 591 (1984), the court found no right to delay chemical testing when no attorney could be contacted for advice.[6]

Since the right to counsel at this stage of a DWI investigation is a limited one, we conclude that the fact that neither Hanson nor Koch made a specific request for additional privacy is significant. This fact alone would be sufficient to distinguish their cases from one upon which they both rely, *State v. Holland,* 147 Ariz. 453, 711 P.2d 592 (1985), wherein the officer refused to comply with a direct request from counsel that he leave the room during the defendant's phone conversation so that the consultation could be confidential. Moreover, in *Holland* counsel testified that the denial of his request made him unable to properly advise defendant on how to proceed. *Holland,* 711 P.2d at 594. Here, on the other hand, neither defendant has

---

[6]We recognize *Staeheli* is a civil license revocation case, but find it applicable here due to the interplay between the access to counsel and the implied consent warning issues. *See State v. Staeheli,* 102 Wn.2d 305, 309, 685 P.2d 591 (1984).

alleged that any specific prejudice resulted. We hold that since neither Koch nor Hanson requested additional privacy nor allege any prejudice, neither was denied the right to counsel under CrRLJ 3.1(c)(2).[7]

The dismissal of Hanson's case is reversed, and the reversal of Koch's dismissal is affirmed.

SCHOLFIELD and WEBSTER, JJ., concur.

Review denied at 112 Wn.2d 1022 (1989).

---

[7]It does not necessarily follow, however, and we do not mean to imply, that in every case where such a request *is* made, the police must grant increased privacy. This may depend on a number of factors such as the unique security and safety problems presented by a particularly uncooperative, intoxicated defendant.