[No. 29454-7-I.   Division One.   April 6, 1992.]

THE CITY OF SEATTLE, *Petitioner*, v. DAVID
SANDHOLM, *Respondent.*

*Mark H. Sidran, City Attorney,* and *Jeanne Innis, Assistant,* for petitioner.

*David K. Chapman,* for respondent.

PER CURIAM. — The City of Seattle has sought discretionary review of a superior court decision on RALJ appeal affirming the dismissal of a charge of DWI against David Sandholm. Discretionary review is granted, the appeal is accelerated and the decision of the Superior Court on RALJ appeal is reversed. The case is remanded for trial.

FACTS

The essential facts are not in dispute. On August 7, 1990, at approximately 10 p.m., Sandholm was arrested by a Seattle Police Officer for suspicion of driving while intoxicated. At the time of the arrest, Officer Abraham[1] read Sandholm his "*Miranda*[2] rights" from an "MIR" card. Sandholm was informed of his right to counsel as follows:

> You have the right at this time to an attorney of your own choosing[3] and to have him present before and during questioning and the making of any statement. If you cannot afford an attorney, you're entitled to have an attorney appointed for you by a court and to have him present before and during questioning and the making of any statement. And you have the right to exercise any of the above rights at any time during any questioning and the making of any statement.

Sandholm was thereafter transported to the police station. Sandholm told Officer Abraham that he wished to talk to his family attorney in Tacoma. He indicated that despite the late hour he could reach his attorney at home. He further stated that he had a telephone credit card with which he could pay for the call.

Officer Abraham informed Sandholm that he could not call the attorney in Tacoma "from where we were at because the uh, the telephone system wouldn't allow me to dial long distance without a SCAN number which I didn't have and nobody in our unit had. . . . So, there was no way we could access the SCAN system to allow Mr. Sandholm to contact the attorney he wished in Tacoma".

Officer Abraham told Sandholm that he could talk to a public defender, but Sandholm insisted on speaking with his

---

[1]Officer Abraham was not the officer who initially stopped Sandholm.

[2]*Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

[3]While the advisement given is purportedly based upon *Miranda v. Arizona*, *supra*, we note that the advisement given to Sandholm goes beyond the requirements set forth in *Miranda*. While the Supreme Court stated in *Miranda* that a suspect must be advised of his right to counsel prior to questioning, the Court did not state that a suspect must be advised that he has a right to counsel of his own choosing.

own attorney. Because Sandholm was so adamant about talking with the attorney, Officer Abraham insisted that he speak with the public defender. Officer Abraham then placed a call to Leslie Garrison of the Seattle-King County Public Defender Association. Officer Abraham handed the phone to Sandholm and moved away to permit Sandholm to talk to the attorney. The conversation lasted approximately 8 to 10 minutes.

Despite having spoken with the public defender, Sandholm continued to demand the opportunity to speak with his family attorney in Tacoma. Officer Abraham, in turn, tried to explain why that was not possible. When Sandholm was offered an opportunity to take the BAC Verifier DataMaster test, he refused to take the test until he could speak with his attorney or have the attorney present. Officer Abraham then cited Sandholm for driving while intoxicated and released him.

Prior to trial, Sandholm moved to dismiss the charge on the basis that his right to counsel under CrRLJ 3.1 had been violated.[4] The municipal court judge agreed and dismissed the case.

The Municipal Court's decision was subsequently affirmed by the Superior Court on RALJ appeal. The Superior Court's written ruling states "the trial court's finding of denial of access to counsel is upheld. The trial court's order of dismissal is upheld."

The City filed a motion for discretionary review.

STANDARD OF REVIEW

**(d) Considerations Governing Acceptance of Review of Superior Court Decision on Review of Decision of Court of Limited Jurisdiction.** Discretionary review of a superior court decision entered in a proceeding to review a decision of a court of limited jurisdiction will be accepted only:

---

[4]Based upon our review of the trial court's oral ruling, it is not clear to this court whether CrRLJ 3.1 was the sole basis for the trial court's decision. However, Sandholm states in his response brief that he "moved to dismiss the charge on the grounds that he had been denied his right to counsel under CrRLJ 3.1". Likewise, in their arguments to this court both parties have focused exclusively on the right to counsel as provided in CrRLJ 3.1. Accordingly, we will limit our review to CrRLJ 3.1.

(1) If the decision of the superior court is in conflict with a decision of the Court of Appeals or the Supreme Court; or

(2) If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or

(3) If the decision involves an issue of public interest which should be determined by an appellate court; or

(4) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by the court of limited jurisdiction, as to call for review by the appellate court.

RAP 2.3(d).

The City contends that the Superior Court's affirmance of the Municipal Court's determination that Sandholm's right to access to counsel was violated and that dismissal was the appropriate remedy is in conflict with decisions of the Court of Appeals or the Supreme Court.

## DECISION

Issue 1. Was Sandholm unlawfully denied access to counsel? The City argues that the Superior Court's determination that Sandholm's right to access to counsel under CrRLJ 3.1 was violated is in conflict with *Airway Heights v. Dilley*, 45 Wn. App. 87, 724 P.2d 407 (1986) and its progeny. The City notes that neither the express language of CrRLJ 3.1 nor any of the cases interpreting the rule stand for the proposition that an individual has a right to counsel of his own choosing under the rule. We agree.

CrRLJ 3.1(c) provides:

**Explaining the Availability of a Lawyer.**
(1) When a person has been arrested he or she shall as soon as practicable be advised of the right to a lawyer. Such advice shall be made in words easily understood, and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge.

(2) At the earliest opportunity a person in custody who desires a lawyer shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning a lawyer, and any other means necessary to place him or her in communication with a lawyer.

In *Airway Heights v. Dilley, supra,* Division Three held that reasonable, albeit unsuccessful, attempts to contact an attorney were sufficient to satisfy the rule because

the rule "require[s] more an opportunity, rather than actual communication with an attorney". *Airway Heights*, at 93. We recently adopted that view stating that "[a] review of the pronouncements of our Supreme Court on the scope of the right bestowed by these court rules confirms this characterization". *Seattle v. Koch*, 53 Wn. App. 352, 357, 767 P.2d 143, *review denied*, 112 Wn.2d 1022 (1989).

Sandholm was not only provided an opportunity to contact a lawyer, he did contact a lawyer, namely Leslie Garrison. Although Garrison was a public defender and Sandholm wished to speak with his family attorney in Tacoma, nothing in the rule provides for access to counsel of your choice. Sandholm has not cited any case law standing for the proposition that the rule contemplates a right to access to counsel of choice nor are we aware of any. Accordingly, the Municipal Court's determination that Sandholm was denied his right to access to counsel pursuant to CrRLJ 3.1 is erroneous.

Issue 2. Was dismissal the appropriate remedy? After concluding that Sandholm's right to access to counsel was violated, the Municipal Court determined that dismissal of the DWI charge was the appropriate remedy. The Superior Court affirmed. The City argues that dismissal was improper in light of *Spokane v. Kruger*, 116 Wn.2d 135, 803 P.2d 305 (1991).

Because we reverse the trial court's determination that Sandholm was denied access to counsel, we need not address the propriety of dismissing the prosecution on that ground. However, to avoid any possible confusion in the future, we simply note that the City's contention is correct. In *Spokane v. Kruger, supra*, the Supreme Court addressed the question of the appropriate remedy for denial of a person's right to counsel under former JCrR 2.11(c)(2) which was the predecessor of CrRLJ 3.1(c)(2). *Kruger*, at 136. The court overruled *State v. Fitzsimmons*, 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690, *vacated and remanded*, 449 U.S. 977, 66 L. Ed. 2d 240, 101 S. Ct. 390, *aff'd on remand*, 94 Wn.2d 858, 620 P.2d 999 (1980) and held that suppression

of any evidence acquired after the violation was the appropriate remedy and not dismissal. *Kruger*, at 147.

Therefore, discretionary review is granted and the matter is accelerated pursuant to RAP 18.12. The decision of the Superior Court is reversed and the case remanded for trial.